UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LSP TECHNOLOGIES, INC.,** | ) | Case No.: 2:08-cv-0038-EAS-TPK |
| | ) | |
| **Plaintiff and** | ) | **JUDGE SARGUS** |
| **Counterdefendant,** | ) | |
| | ) | **MAGISTRATE JUDGE KEMP** |
| vs. | ) | |
| | ) | |
| **CONTINUUM ELECTRO-OPTICS, INC.** | ) | |
| **D/B/A CONTINUUM,** | ) | |
| | ) | |
| **Defendant and** | ) | |
| **Counterclaimant.** | ) | |

**and**

| | | |
|---|---|---|
| **LSP TECHNOLOGIES, INC.,** | ) | Case No.: 2:08-cv-00039-EAS-MRA |
| | ) | **(Consolidated)** |
| **Plaintiff and** | ) | **JUDGE SARGUS** |
| **Counterdefendant,** | ) | |
| | ) | **MAGISTRATE JUDGE ABEL** |
| vs. | ) | |
| | ) | |
| **CONTINUUM ELECTRO-OPTICS, INC.** | ) | |
| **D/B/A CONTINUUM,** | ) | |
| | ) | |
| **Defendant and** | ) | |
| **Counterclaimant.** | ) | |

**FIRST AMENDED COMPLAINT FOR WILLFUL PATENT INFRINGEMENT**

**JURY DEMAND ENDORSED HEREON**

Plaintiff LSP Technologies, Inc., for its complaint against Defendant Continuum Electro-Optics, Inc. d/b/a Continuum, alleges as follows:

**THE PARTIES**

1. Plaintiff LSP Technologies, Inc. ("LSPT") is a corporation organized and existing under the laws of the State of Ohio. LSPT maintains its principal place of business at 6145

Scherers Place, Dublin, Ohio 43016.

2. Upon information and belief, Defendant Continuum Electro-Optics, Inc. d/b/a Continuum ("Defendant") is a corporation organized and existing under the laws of the State of Delaware and does business under the trade name Continuum. Defendant maintains its principal place of business at 3150 Central Expressway, Santa Clara, California 95051.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant transacts business in this state and in this judicial district. Specifically, Defendant has made, imported, offered for sale, and/or sold laser systems in Ohio and in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

### BACKGROUND FACTS

7. On June 30, 1992, the United States Patent and Trademark Office ("USPTO") granted U.S. Patent No. 5,127,019 for an invention entitled "Laser Systems" (the "'019 patent"). A true and correct copy of the '019 patent is attached hereto as **EXHIBIT 1**. LSPT is the owner of the entire right, title, and interest in the '019 patent. The claims of the '019 patent are both valid and enforceable.

8. Upon information and belief, Defendant has made, imported, offered for sale, and/or sold laser systems in the United States which infringe the '019 patent.

9.      On April 16, 2002, the USPTO granted U.S. Patent No. 6,373,876 B1 for an invention entitled "Single Mode Oscillator for a Laser Peening Laser" (the "'876 patent"). A true and correct copy of the '876 patent is attached hereto as **EXHIBIT 2**. LSPT is the owner of the entire right, title, and interest in the '876 patent. The claims of the '876 patent are both valid and enforceable. The '019 patent and the '876 patent are sometimes collectively referred to in this First Amended Complaint as the "patents in suit."

10.     Upon information and belief, Defendant has made, imported, offered for sale, and/or sold laser systems in the United States which infringe the '876 patent.

## COUNT I

### (Infringement of U.S. Patent No. 5,127,019)

11.     Paragraphs 1-10 are re-alleged and restated as if fully set forth herein.

12.     By making, importing, offering for sale, and/or selling the laser systems, Defendant has and/or is directly and/or indirectly infringing one or more claims of the '019 patent, in violation of 35 U.S.C. § 271.

13.     Upon information and belief, the infringement of the '019 patent by Defendant was and is willful and deliberate, and will continue unless enjoined by this Court.

14.     As a result of the infringement of the '019 patent by Defendant, LSPT has suffered, and continues to suffer, damages in an amount to be established at trial. Furthermore, LSPT has suffered, and continues to suffer, irreparable harm for which no adequate remedy at law exists.

## COUNT II

### (Infringement of U.S. Patent No. 6,373,876)

15. Paragraphs 1-14 are re-alleged and restated as if fully set forth herein.

16. By making, importing, offering for sale, and/or selling the laser systems, Defendant has and/or is directly and/or indirectly infringing one or more claims of the '876 patent, in violation of 35 U.S.C. § 271.

17. Upon information and belief, the infringement of the '876 patent by Defendant was and is willful and deliberate, and will continue unless enjoined by this Court.

18. As a result of the infringement of the '876 patent by Defendant, LSPT has suffered, and continues to suffer, damages in an amount to be established at trial.  Furthermore, LSPT has suffered, and continues to suffer, irreparable harm for which no adequate remedy at law exists.

## PRAYER

**WHEREFORE,** LSPT respectfully requests that the Court:

A. Preliminarily and permanently enjoin Defendant, and its officers, employees, servants, and agents, and all persons in active concert with any of them, against any further acts of direct infringement, inducement of infringement, or contributory infringement, under 35 U.S.C. § 283, including without limitation, importing, manufacturing, offering for sale, and/or selling the infringing laser systems.

B. Order Defendant to deliver up for destruction any and all of its products that infringe any claim of the patents in suit or otherwise induce or contribute to such infringement, under 35 U.S.C. § 283.

C. Order Defendant to pay, in accordance with 35 U.S.C. § 284, damages adequate

to compensate for the patent infringement, but in no event less than a reasonable royalty for the use made of the inventions claimed in the patents in suit, together with interest and costs.

D. Find the infringement by Defendant to be willful, and order Defendant to pay three (3) times the amount of damages found or assessed, under 35 U.S.C. § 284.

E. Find this to be an exceptional case under 35 U.S.C. § 285, and order Defendant to pay LSPT's attorneys' fees, expenses, and costs in this action.

F. Grant LSPT such other and further relief as the Court may deem proper and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff LSP Technologies, Inc. hereby demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

**OF COUNSEL:**
Benesch, Friedlander, Coplan & Aronoff LLP

**OF COUNSEL:**

STEVEN M. AUVIL (0063827)
Benesch, Friedlander, Coplan
 & Aronoff LLP
2300 BP Tower – 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: sauvil@bfca.com

/Benjamen E. Kern
BENJAMEN E. KERN (0076218)
Trial Attorney
Benesch, Friedlander, Coplan
 & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: (614) 223-9374
Facsimile: (614) 223-9330
Email: bkern@bfca.com

Trial Attorney for
Plaintiff LSP Technologies, Inc.